601 A.2d 1265

COMMONWEALTH of Pennsylvania, Appellee,

v.

Robert USA, Jr., Appellant.

Superior Court of Pennsylvania.

Argued Oct. 24, 1991.
Decided Dec. 17, 1991.

Gregory H. Chelak, Hawley, for appellant.

Roseann B. Termini, Asst. Atty. Gen., Harrisburg, for Com., appellee.

Before DEL SOLE, BECK and HUDOCK, JJ.

HUDOCK, Judge:

A jury found the Appellant (Usa) guilty of one count each of theft by unlawful taking or disposition, theft by deception, receiving stolen property, and criminal conspiracy.[1] The trial court denied Usa's post-verdict motions and sentenced him to a term of ten to twenty-three months incarceration and a $5,000.00 fine. On direct appeal, this Court affirmed the judgment of sentence in an unpublished memorandum opinion. 394 Pa.Super. 634, 569 A.2d 1387 (1989) (table). The Supreme Court of Pennsylvania then denied Usa's petition for allocatur. 525 Pa. 645, 581 A.2d 571 (1990) (table). Usa now appeals the denial of his petition for post-conviction relief, pursuant to the Post Conviction Relief Act, 42 Pa.C.S. § 9541 *et seq.*, (P.C.R.A.), which petition alleged ineffective assistance of counsel. We affirm.

The facts, as found by the trial court, may be summarized as follows: Mr. Usa owned Roma Trucking, Inc. and was in the business of transporting hazardous waste. In February of 1987, PIE Nationwide Trucking transported nine fifty-five gallon drums of gold cyanide solution, a hazardous waste, to its terminal in Bensalem Township, Bucks County, Pennsylvania. RFE Industries was next in line to transport the shipment from Pennsylvania to their Jersey City operations. In early March of 1987, the local PIE Nationwide Trucking dispatcher received a telephone call from an unidentified person requesting permission to pick up the nine barrels of solution. Usa instructed his employee, Newcomb, where to pick up an unmarked truck from Pass Recovery Systems, Inc. with which to pose as RFE employees and receive the drums of gold cyanide from PIE Nationwide Trucking. Usa also told Newcomb to have the third person who would be driving the truck to use the name Gary Gomes when receiving the shipment. For his effort, Newcomb would be paid a couple of hundred dollars. Pass

---

1. Usa was charged with these crimes under sections 3921, 3922(a)(1), 3925, and 903 respectively of the Pennsylvania Crimes Code. 18 Pa.C.S. §§ 3921, 3922(a)(1), 3925, 903.

Recovery Systems, Inc. was to use a firm called Abbey Metal Corporation in the process of recovering the gold from the cyanide solution. The value of the gold cyanide solution was $62,300.00.

After loading the drums, Newcomb took the loaded truck back to the site of Pass Recovery Systems, Inc. RFE never received the nine drums from PIE Nationwide Trucking. Newcomb was later identified by an employee of PIE Nationwide Trucking as one of the men in the truck who picked up the gold cyanide shipment. In the interim, the Department of Environmental Resources (DER) was alerted as to the stolen cyanide solution because of its hazardous waste nature. In turn, the DER contacted the Office of the Attorney General for further investigation. About three weeks after the theft, Newcomb was arrested and, through his statement, inculpated Usa. Usa was then lured by police and members of the Attorney General's Office into Pennsylvania, whereupon he was arrested. Rather than pay $50,000.00 bond, Usa cooperated with the police and made a voluntary, inculpatory statement.

Usa's counsel raised for the first time in post-verdict motions a challenge to the authority of the Attorney General in bringing and prosecuting the criminal action against Usa. The trial court denied this motion as untimely; this Court affirmed on the same grounds. (Majority opinion at p. 476–477.) Usa claims the untimely challenge amounts to ineffective assistance of counsel because if the Attorney General's authority had been found lacking, then the information against Usa would have been invalid and, consequently, dismissed.

■ Claims of ineffectiveness of counsel are subject to a three-part analysis:

First, it must be demonstrated that the underlying claim is of arguable merit. Next, it must be determined whether counsel's choice of action had some reasonable basis designed to effectuate his client's interests. Finally, a showing must be made of how counsel's choice of action prejudiced the client. The law presumes that counsel was

effective, so that the burden of establishing ineffective-ness rests squarely upon the defendant.

*Commonwealth v. Nelson,* 389 Pa.Super. 417, 422, 567 A.2d 673, 676 (1989) (citations omitted). To be eligible for relief under the Post Conviction Relief Act, appellant must show by a preponderance of the evidence that the alleged ineffec-tive assistance which led to conviction or sentence was of the type that "in the circumstances of the particular case, so undermined the truth-determining process that no reli-able adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii); *Commonwealth v. Weinder,* 395 Pa.Super. 608, 577 A.2d 1364 (1990).

The authority of the Attorney General to institute and prosecute criminal cases is embodied in sections 732–205 and 732–206 of the Commonwealth Attorneys Act.[2] The former section lists eight types of crime which the Attorney General is authorized to prosecute. The prosecution of Usa falls into the sixth crime category of section 732–205, which reads as follows:

> (a) Prosecutions.—The Attorney General shall have the power to prosecute in any county criminal court the following cases:
>
> *   *   *   *   *   *
>
> (6) Criminal charges investigated by and referred to him by a Commonwealth agency arising out of enforcement provisions of the statute charging the agency with a duty to enforce its provision.

71 P.S. § 732–205(a)(6) (Purdon 1990).

The facts of this case indicate that, two weeks after the theft of the nine drums of gold cyanide solution, Mr. Leon-ard Tritt, Director of Transportation of the DER, placed a call to Special Agent Henry Heisey of the Office of the Attorney General, Environmental Crime Section. (This sec-tion of the Attorney General's Office was known as the Toxic Waste Investigation and Prosecution Section when

---

**2.** Commonwealth Attorneys Act of 1980, October 15, P.L. 950, No. 164, codified at 71 P.S. § 732–101 *et seq.* (Purdon 1990).

the case arose.) The gravamen of the call was that environmental laws of the Commonwealth may have been violated inasmuch as the stolen gold cyanide was a hazardous waste.

Mr. Tritt's call was not followed up by a written referral from the DER to the Attorney General's Office. Special Agent Heisey testified, however, that he followed normal procedure and opened a file on Usa; the file would have included a written Complaint and Allegation form. This form indicates the date of the opening of the case, who referred the matter to the Office of the Attorney General, the agents and attorneys assigned to the matter, and a brief synopsis of the complaint. At no time during the course of the proceedings was the Commonwealth able to produce the Attorney General's file on Usa, including the complaint form.

Usa's current counsel contends that the referral from Mr. Tritt to Special Agent Heisey was insufficient to meet the requirements of section 732–205(a)(6) and invest the Attorney General with authority to prosecute Usa. The Commonwealth Attorneys Act has been narrowly construed so that members of the Office of the Attorney General do not have general arrest powers. *Commonwealth v. Galloway*, 525 Pa. 12, 13, 574 A.2d 1045, 1046 (1990). Moreover, that statute is the sole grant of authority to the Attorney General. *Galloway*, 525 Pa. at ——, 574 A.2d at 1048. The statutory language applicable to this situation, however, is not as demanding as Usa contends. While Usa might prefer that agency referrals must be in writing, section 732–205(a)(6) speaks generally of referrals from a Commonwealth agency to the Attorney General. Neither the statute nor, as conceded by Usa's attorney (Transcript at p. 44), the case law specifically requires that a referral be in writing. This Court has, furthermore, interpreted section 732–206 of the Commonwealth Attorneys Act as authorizing the Attorney General to investigate any criminal offense which he reasonably believes he has the authority to prosecute under section 732–205 of the Act. 71 P.S. § 732–206(a); *Commonwealth v. Goodman*, 347 Pa.Super. 403,

406, 500 A.2d 1117, 1119 (1985). If the Attorney General's authority is challenged, he "should be able to produce evidence which would establish by a preponderance of the evidence that a factual basis existed which supported [the reasonable belief of authority to prosecute]." *Goodman*, 347 Pa.Superior Ct. at 415, 500 A.2d at 1123. The evidence indicates that a telephone referral was made by Mr. Tritt of the DER to the Attorney General's Office, thereby effectuating the Attorney General's authority to investigate under section 732–206, and subsequently prosecute under section 732–205(a)(6).

As for Mr. Tritt's authority to refer this matter to the Attorney General's Office, we agree with the P.C.R.A. court's conclusions. The DER deals with the enforcement of environmental protection in the Commonwealth. Obviously, the carrying and theft, and potentially dangerous relocation, of hazardous waste fall within the rubric of the DER transportation division's responsibilities. The facts of this case lead us to concur with the P.C.R.A. court's conclusion that the Attorney General, through the person of Special Agent Heisey, could reasonably believe he was authorized to investigate and prosecute Usa given Mr. Tritt's verbal referral. Usa's underlying claim of insufficiency based on a lack of authority is, therefore, without arguable merit.

As trial counsel cannot be deemed ineffective for failing to raise a meritless issue, *Commonwealth v. Woods*, 394 Pa.Super. 223, 575 A.2d 601 (1990), we need not address the remaining components of an ineffectiveness of counsel claim.

Order affirmed.