J-S04022-16

2016 PA Super 73

COMMONWEALTH OF PENNSYLVANIA,    :    IN THE SUPERIOR COURT OF
                                 :         PENNSYLVANIA
            Appellee             :
                                 :
      v.                         :
                                 :
JAMIE BROWN,                     :
                                 :
            Appellant            :    No.  152 WDA 2015

Appeal from the PCRA Order of December 22, 2014
In the Court of Common Pleas of Beaver County
Criminal Division at No(s): CP-04-CR-0000913-2001

BEFORE:    BOWES, OLSON and STRASSBURGER,* JJ.

CONCURRING OPINION BY STRASSBURGER, J.:          **FILED MARCH 24, 2016**

I join the Majority Opinion, which, *inter alia*, concludes that Anthony
Brown's affidavit does not enable Appellant to satisfy the newly-discovered-
fact exception of the PCRA.  In reaching its conclusion, the Majority explains
that "Appellant failed to plead and prove that he acted with due diligence in
obtaining Brown's affidavit."  Majority Opinion at 15.  I agree.

However, the Majority also observes that "'[a] claim which rests
exclusively upon inadmissible hearsay is not of a type that would implicate
the [newly-discovered fact] exception to the timeliness requirement, nor
would such a claim, even if timely, entitle [the petitioner] to relief under the
PCRA." ***Id.*** (quoting ***Commonwealth v. Yarris***, 731 A.2d 581, 592 (Pa.
1999)).  The Majority goes on to reason that

> [t]he alleged confession by Tommy Lemon is hearsay as it is an
> out-of-court statement offered for the truth of the matter

*Retired Senior Judge assigned to the Superior Court.

asserted. **See** Pa.R.Evid. 801(c). Any argument that Tommy Lemon's confession was a statement against interest fails because "for this exception to apply, the declarant must be unavailable as a witness, **see** Pa.R.Evid. 804(b), and [A]ppellant offers no proof [Lemon] is not available. Therefore, [Brown's affidavit] was inadmissible hearsay and does not fall under [the newly-discovered fact] timeliness exception." **Commonwealth v. Abu-Jamal**, 941 A.2d 1263, 1270 (Pa. 2008).

**Id.**

I write separately to note that, but for my conclusion above regarding Appellant's failure to offer proof of his due diligence, I would afford Appellant the opportunity to offer proof on remand that Tommy Lemon is unavailable as a witness under Pa.R.E. 804(a) (*e.g.*, through the declarant's death, refusal to testify, etc.).