J-S65039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,    :    IN THE SUPERIOR COURT OF
                                 :             PENNSYLVANIA
                 Appellee        :
                                 :
            v.                   :
                                 :
COURTNEY COX,                    :
                                 :
                 Appellant       :    No. 375 WDA 2016

Appeal from the PCRA Order January 27, 2016
in the Court of Common Pleas of Allegheny County
Criminal Division at No.: CP-02-CR-0010907-2003

BEFORE:  LAZARUS, J., OLSON, J., and PLATT, J.*

MEMORANDUM BY PLATT, J.:                 **FILED SEPTEMBER 27, 2016**

Appellant, Courtney Cox, appeals *pro se* from the January 27, 2016 order dismissing his third petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely.[1]  We affirm.

The PCRA court summarized the relevant history of this case as follows:

> [Appellant] was found guilty by a jury on April 26, 2004 of criminal attempt (homicide) (2 counts), 18 Pa.C.S.A. § 901, aggravated assault (serious bodily injury) (5 counts), 18 Pa.C.S.A. § 2701(a)(1), aggravated assault (police officer) (6 counts), 18 Pa.C.S.A. § 2702(a)(6), recklessly endangering another person (9 counts), 18 Pa.C.S.A. § 2705, and violations

---

* Retired Senior Judge assigned to the Superior Court.

[1] Although dated January 26, 2016, the PCRA court's order was entered on the docket in this case on January 27, 2016.  We have amended the caption accordingly.

of the uniform firearms act: firearms not to be carried without a license, 18 Pa.C.S.A. § 6106. In a stipulated non-jury trial, the court found [Appellant] guilty of [a] violation of the uniform firearms act: former felon not to possess a firearm, 18 Pa.C.S.A. § 6105.

On May 27, 2004, [Appellant] was sentenced to serve consecutive sentences[,] with a total period of incarceration of not less than sixty-six (66) years nor more than one hundred [] thirty-two (132) years.

A direct appeal was filed to the Superior Court, [which] issued an order and memorandum opinion on May 30, 2006[,] affirming the judgment of sentence. A subsequent petition for allowance of appeal was denied on December 13, 2006.

On February 27, 2007, [Appellant] filed his first timely petition under the [PCRA]. Counsel was appointed for [Appellant] and counsel filed an amended petition. The Commonwealth filed an answer. After the issuance of a notice of intention to dismiss, [*see* Pa.R.Crim.P. 907(1),] the petition was dismissed without a hearing on November 9, 2007. [Appellant] appealed the dismissal to the Superior Court, [which] affirmed [the PCRA] court.

[Appellant] filed a second petition under the [PCRA,] which was dismissed as time-barred.

[Appellant] filed his third petition under the [PCRA] on December 11, 2015. The [PCRA] court issued a notice of intention to dismiss and the third petition was dismissed as time-barred on January 2[7], 2016. This [timely[2]] appeal follows.

_____

[2] Appellant filed his notice of appeal on February 29, 2016. Although this would appear to be in excess of the thirty-day appeal period, *see* Pa.R.A.P. 903(a), the notice of appeal is post-marked February 24, 2016. Thus, pursuant to the prisoner mailbox rule, we deem it timely filed. **See Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997) (holding that appeal by *pro se* prisoner is deemed filed on date prisoner places it in prison mailbox). The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(b). It entered its opinion on March 23, 2016. **See** Pa.R.A.P. 1925(a).

J-S65039-16

(PCRA Court Opinion, 3/23/16, at 1-2) (unnecessary capitalization omitted).

Appellant raises two issues on appeal:

I.     Does the new substantive law announcing the unconstitutional nature of the sentence imposed apply retroactively?

II.    Did the [PCRA] court [] err as a matter of law when it determined the PCRA petition was untimely?

(*See* Appellant's Brief, at 4) (most capitalization omitted).

We begin by addressing the timeliness of Appellant's instant PCRA petition.

Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition.   Thus, we must first determine whether the instant PCRA petition was timely filed.   The timeliness requirement for PCRA petitions is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition.   The question of whether a petition is timely raises a question of law.   Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final."   42 Pa.C.S.A. § 9545(b)(1).   "[A] judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). . . .

*Commonwealth v. Brown*, 141 A.3d 491, 499 (Pa. Super. 2016) (case citations and some quotation marks omitted).

Here, Appellant's judgment of sentence became final on March 13, 2007, ninety days after our Supreme Court denied allowance of appeal.  *See* U.S. Sup. Ct. R. 13.  Appellant therefore had until March 13, 2008, to file a

- 3 -

timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). He filed the present petition, his third, on December 11, 2015. Thus, it was patently untimely.

An untimely PCRA petition may be considered if one of the following three exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i–iii); *see Brown*, *supra* at 500. If an exception applies, a petitioner must file the PCRA petition "within [sixty] days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). "[Our Supreme] Court has repeatedly stated it is the appellant's burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Hawkins*, 953 A.2d 1248, 1253 (Pa. 2008) (citation omitted).

Here, Appellant claims the applicability of the constitutional right exception to the PCRA time bar. (*See* Appellant's Brief, at 10-14); 42 Pa.C.S.A. § 9545(b)(1)(iii). Specifically, he alleges that the United States Supreme Court's decision in *Alleyne v. United States*, 133 S.Ct. 2151

(2013) (holding that any fact that, by law, increases penalty for crime must be found beyond reasonable doubt by fact finder), rendered his sentence illegal. (***See id.***). He also claims that the Supreme Court's decision in ***Montgomery v. Louisiana***, 136 S.Ct. 718 (2016) (holding that ***Miller v. Alabama***, 132 S.Ct. 2455 (2012) should be applied retroactively), mandated retroactive application of ***Alleyne***. (***See id.***). We disagree.

"[A] new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or the Pennsylvania Supreme Court specifically holds it to be retroactively applicable to those cases." ***Commonwealth v. Whitehawk***, --- A.3d ---, 2016 WL 4473779, at *4 (Pa. Super. filed Aug. 24, 2016) (citation omitted). Neither Court has held that ***Alleyne*** is applied retroactively. Rather, our Supreme Court recently issued an opinion in ***Commonwealth v. Washington***, --- A.3d ---, 2016 WL 3909088 (Pa. filed July 19, 2016), wherein it held "that ***Alleyne*** does not apply retroactively to cases pending on collateral review." ***Id.*** at *8.

Here, Appellant's argument that the United States Supreme Court, in ***Montgomery***, held that ***Alleyne*** applies retroactively is meritless. In ***Montgomery***, the Supreme Court held that "***Miller*** announced a substantive rule that is retroactive in cases on collateral review." ***Montgomery***, ***supra*** at 732. Its decision did not concern ***Alleyne***. Thus, Appellant has not met his burden of proving that ***Alleyne*** set forth a new

constitutional law that is applicable retroactively to cases on collateral review. *See* 42 Pa.C.S.A. § 9545(b)(1)(iii).

Accordingly, we conclude that Appellant has not met his burden of proving that his untimely PCRA petition fits within one of the three exceptions to the PCRA's time bar. *See Hawkins*, *supra* at 1253. Accordingly, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/27/2016