J-S52018-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN IN | |
| Appellant | No. 3021 EDA 2013 |

Appeal from the PCRA Order October 11, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0004829-2007

BEFORE:  FORD ELLIOTT, P.J.E., STABILE, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED OCTOBER 26, 2016**

Appellant John In appeals from the October 11, 2013 order of the Court of Common Pleas of Philadelphia County ("PCRA court"), which denied, without an evidentiary hearing, his request for collateral relief under the Post Conviction Relief Act (the "Act"), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we vacate and remand.

The facts and procedural history underlying this appeal are undisputed.[1]

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Unless otherwise specified, these facts are borrowed from this Court's July 23, 2010 Memorandum affirming Appellant's judgment of sentence.  **See Commonwealth v. In**, No. 1389 EDA 2009, unpublished memorandum, at 1-3 (Pa. Super. filed July 23, 2010).

On March 7, 2007, three men entered Vuthary Yun's house, and one of the men pointed a gun at his head. The man with the gun pushed Yun into the basement and demanded money and jewelry. Yun's daughter, Dina Khem, who was in her bedroom in the basement, called 911 when she heard a man's voice yelling at her father. A few minutes later, when Dina heard police upstairs, she exited her room and walked to the basement steps, where she observed her father and Appellant at the top of the steps. When Dina attempted to speak to her father, Appellant turned to face her, pointed the gun at her, and told her to "shut the fuck up." Dina testified that she observed Appellant for approximately two minutes before returning to her room. While Yun was being held in the basement, co-conspirators Jerry Jean and Dyshon Marable ("Marable") were on the second floor, robbing Dina's younger sister, Christina Khem, of her jewelry.

When Officer Roger Birch arrived outside of the victims' home, he observed Appellant kneeling beside a white Nissan Altima. Appellant entered the vehicle and sped eastbound. Officer Birch pursued him in his patrol car for approximately one block before Appellant crashed the Altima into a house. Appellant exited the vehicle and fled on foot before being apprehended by police. Police later took Dina to the patrol car in which Appellant was being held, and Dina identified him as the gunman who held her father in the basement.

Officer Kevin Cannon observed co-conspirator Jean hiding between two parked cars near the white Nissan Altima. Police arrested Jean shortly

thereafter and found pieces of a latex glove in his sweatshirt. Co-conspirator Marable was later found hiding in a closet on the second floor of the victims' home.

Police recovered a 0.9 mm semi-automatic handgun from the driver's side of the white Nissan Altima. Latex gloves and three traffic tickets listing the name Jerry Jean were also recovered from the vehicle. Another handgun and a latex glove were found in a shed in the victims' backyard.[2] Later, Yun discovered that sixty dollars had been taken from his wallet.

Subsequently, Appellant was charged with burglary, robbery, possession of an instrument of crime, criminal conspiracy, and violations of the Uniform Firearms Act, 18 Pa.C.S.A. §§ 6101-6127. The case proceeded to a jury trial, at which the Commonwealth sought to present the testimony of Appellant's co-conspirator Marable. On the second day of trial, outside of the jury's presence, Marable indicated to the Commonwealth and the trial court that he would not testify against Appellant and, if called to the stand, would remain silent.[3] N.T. Trial, 9/11/08, at 61-64. Ultimately, the trial court held Marable in contempt and sentenced him to six months' imprisonment.

_____

[2] Jean had hidden in the backyard shed after fleeing from the victims' house.

[3] Marable's attorney advised Marable that he did not have a Fifth Amendment right against self-incrimination because Marable already had pled guilty in this case. Marable's attorney relayed to the trial court that Marable would not testify because Marable had received several threats to his life and health. N.T. Trial, 9/11/08, at 58-59.

After Marable exited the courtroom, the Commonwealth informed the trial court that it still intended to call him as a witness. The Commonwealth anticipated that Marable would remain silent and, to identify Marable for the benefit of the jury, it would request Sheriff Guess to read Marable's wristband. The Commonwealth also anticipated that it would ask Detective Hopkins to testify about the fact that Marable gave a post-arrest statement.[4]

Upon the jury's return, the Commonwealth called Marable to testify. Marable remained silent. Sheriff Guess identified Marable by examining Marable's prison identification card. Marable then was escorted from the courtroom. Thereafter, the Commonwealth informed the trial court and the jury that it had entered into a stipulation with Appellant's attorney with respect to Marable's guilty plea. Specifically, the Commonwealth noted:

> There's been a stipulation by and between counsel that in the case of **Commonwealth v. Marable**, Common Pleas Court No. 51-CR-0004827-2007 . . ., before the Honorable Judge Byrd, [Marable] pled guilty to three counts of robbery. Victims being Vuthay Yun, Dina Khem, and Christina Khem. Pled guilty to burglary of the house at 720 Mifflin Street. Pled guilty to possession of an instrument of crime, [and] conspiracy regarding the incident that happened on March 7th, 2007. In exchange to his guilty plea . . . [Marable] was sentenced to a period no less than five no more than ten years' incarceration.

*Id.* at 78. Trial counsel did not request any cautionary instruction informing the jury that it should not infer Appellant's guilt from Marable's admitted guilt (guilt by association) and refusal to testify.

---

[4] The parties agreed that the content of Marable's post-arrest statement need not be disclosed to the jury.

The Commonwealth then offered the testimony of Detective Hopkins, who testified that Marable gave a post-arrest statement after being Mirandized.[5, 6]

During its closing argument, the Commonwealth stated without objection by Appellant's attorney:

> And you saw [Marable], he wouldn't even say his name, let alone be sworn in. Well, why? He took a plea, he's serving his time. **He's not going to snitch on his buddy, no matter what the consequences to him. You saw, you saw the attitude he gave everybody including the Judge.** Well, that's his boy, I brought him down here. He's not going to testify for the Commonwealth, right?

N.T. Trial, 9/12/08, at 46 (emphasis added).

On September 15, 2008, the jury found Appellant guilty of conspiracy, burglary, two counts of robbery, possession of an instrument of crime, and violating Sections 6106 and 6108 of the Uniform Firearms Act. Pursuant to Appellant's motion to sever the charge of violating Section 6105 of the Uniform Firearms Act, the trial court conducted a separate bench trial and found him guilty of that charge. On December 19, 2008, the trial court sentenced Appellant to an aggregate term of twenty-five to fifty years' imprisonment followed by ten years' probation.

As noted earlier, on July 23, 2010, a panel of this Court affirmed Appellant's judgment of sentence. On January 5, 2011, our Supreme Court

---

[5] ***See Miranda v. Arizona***, 384 U.S. 436 (1966).

[6] It appears that Detective Conn likewise testified about Marable providing a post-arrest statement. N.T. Trial, 9/11/08, at 13.

denied Appellant's petition for allowance of appeal. *See Commonwealth v. In*, 12 A.3d 370 (Pa. 2011).

On July 15, 2011, Appellant *pro se* filed the instant PCRA petition. The PCRA court appointed counsel, who filed an amended PCRA petition on October 4, 2012, raising a number of ineffective assistance of counsel claims. Appellant alleged that his trial counsel was ineffective for failing to object to the Commonwealth's presentation of Marable as a witness at trial when the Commonwealth knew that Marable was not going to testify. Specifically, Appellant alleged that Marable's presentation "was only undertaken so as to unfairly prejudice [Appellant] by advancing guilt through association." Amended Petition, 10/4/12, at ¶ 11. Appellant alleged that his trial counsel was ineffective because he stipulated to Marable's guilty plea arising out of the home invasion robbery at issue here. Appellant also alleged trial counsel's ineffectiveness on the grounds that counsel did not object to the detectives' testimony that Marable gave a post-arrest statement. Finally, Appellant alleged ineffectiveness because trial counsel did not object to the Commonwealth's remarks during its closing argument.

On January 24, 2013, the Commonwealth filed a motion to dismiss. On April 10, 2013, without seeking and obtaining leave of court under Pa.R.Crim.P. 905, Appellant filed a supplemental PCRA petition wherein he notified the trial court that the previous PCRA petitions were filed under an incorrect docket number. On July 19, 2013, Appellant once again filed a supplemental PCRA petition without leave of court, raising for the first time a

claim for cumulative prejudice. On July 30, 2013, the Commonwealth filed a supplemental motion to dismiss.

On September 6, 2013, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition. On September 18, 2013, Appellant filed a response to the PCRA court's Rule 907 notice, raising an ineffectiveness claim against his PCRA counsel. On October 11, 2013, the PCRA court dismissed Appellant's petition without a hearing. Appellant timely appealed to this Court.[7]

On appeal,[8] Appellant raises two issues for our review.[9]

_____

[7] Following a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), Appellant elected to proceed *pro se* on April 14, 2014. On this appeal, Attorney Craig M. Cooley, whom Appellant has privately retained, is representing Appellant.

[8] "On appeal from the denial of PCRA relief, our standard of review requires us to determine whether the ruling of the PCRA court is supported by the record and free of legal error." **Commonwealth v. Widgins**, 29 A.3d 816, 819 (Pa. Super. 2011).

[9] To the extent the Commonwealth suggests that Appellant has waived issues raised in his supplemental PCRA petitions that were filed without leave of court, we disagree. It is settled that when a PCRA court fails to strike a supplemental petition and addresses issues therein raised in ruling upon the petition, the PCRA court implicitly permits amendment under Pa.R.Crim.P. 905(A). **See Commonwealth v. Brown**, 141 A.3d 491, 504-05 (Pa. Super. 2016) ("[W]hen a petitioner files supplemental materials to a PCRA petition, and the PCRA court considers such materials, an attempt by the Commonwealth to preclude consideration of such materials fails."). Instantly, not only did the PCRA court fail to strike the supplemental petitions, it expressly addressed the issues raised therein in its Pa.R.A.P. 1925(a) opinion. Accordingly, under the circumstances, the Commonwealth may not avail itself of waiver.

[I.] Trial counsel made a series of objectively unreasonable decisions regarding the prosecutor's attempt to have [Marable] testify against [Appellant]. Individually and cumulatively, these unreasonable decisions prejudiced [Appellant] because they allowed the prosecutor to present and the jury to consider irrelevant, inadmissible, and highly prejudicial evidence regarding [] Marable's pre-trial statement and guilty plea without being subjected to cross-examination and without instructing the jury it could not consider [] Marable's guilty plea as substantive evidence of [Appellant's] guilt. Had trial counsel lodged timely objections there is a reasonable probability the trial court would have prohibited the prosecutor from presenting [] Marable as a Commonwealth witness as well as the other evidence relating to his guilty plea and pre-trial statement. It would have also struck the prosecutor's impermissible closing arguments relating to [] Marable's refusal to testify, statement, and guilty plea. Individually and collectively, the introduction and consideration of this evidence undermines confidence in the jury's guilty verdicts warranting a new trial and the PCRA court erred when it refused to grant a new trial because the record supported [Appellant's] right to a new trial based on trial counsel's ineffectiveness. U.S. Const. amends. V, VI, VIII, XIV; Pa. Const. art. 1, §§ 1, 6, 9.

[II.] In his supplemental amended PCRA petition, appointed PCRA counsel raised a cumulative prejudice claim, but did not set forth specific, reasoned, and legally and factually supported arguments for this claim. Appointed PCRA counsel did not have a strategic reason for not adequately briefing this claim. Appointed PCRA counsel's ineffectiveness prejudiced [Appellant] because the PCRA court ruled [Appellant] did not "properly aver" this claim and thus waived it. U.S. Const. amends. V, VI, VIII, XIV; Pa. Const. art. 1, §§ 1, 6, 9.

Appellant's Brief at 1-2. Stripped to its essence, Appellant's first issue subsumes six distinct ineffectiveness claims against his trial counsel. Trial counsel was ineffective for: (A) failing to object to the Commonwealth's presentation of Marable as a witness at trial when the Commonwealth knew that Marable would refuse to testify against Appellant; (B) requesting a cautionary instruction that the jury should not infer Appellant's guilt from Marable's refusal to testify; (C) stipulating to the fact that Marable entered into a guilty plea in connection with the home invasion robbery *sub judice*;

(D) failing to request a cautionary instruction informing the jury that it should not infer Appellant's guilt from Marable's admitted guilt (guilt by association); (E) failing to object to the detectives' testimony referencing Marable's post-arrest statement; and (F) failing to object to the Commonwealth's closing argument referencing Marable's silence and refusal to testify against Appellant on behalf of the Commonwealth. In his second issue, Appellant argues that his appointed PCRA counsel was ineffective insofar as counsel failed to develop a cumulative prejudice claim.

Instantly, given the complexity of the claims raised and the dearth of a record below, we are unable to engage in a meaningful appellate review. Specifically, the PCRA court failed to conduct an evidentiary hearing on Appellant's ineffectiveness claims and render necessary factual findings. We therefore cannot assess trial counsel's tactical reasons for withholding objections. As a result, we must vacate the PCRA court's order dismissing Appellant's PCRA petition and remand the matter to the PCRA court to conduct an evidentiary hearing to address fully the claims identified above.[10]

Order vacated. Case remanded. Jurisdiction relinquished.

---

[10] We express no opinion as to the merits of Appellant's ineffectiveness claims.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/26/2016