J-S09040-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FRANK WINN, | |
| Appellant | No. 417 EDA 2016 |

Appeal from the PCRA Order January 4, 2016
in the Court of Common Pleas of Philadelphia County
Criminal Division at Nos.: CP-51-CR-0511411-2004
CP-51-CR-0600011-2004
CP-51-CR-0904141-2004

BEFORE:  SHOGAN, J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED MARCH 28, 2017**

Appellant, Frank Winn, appeals from the January 4, 2016 order dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  We affirm.

We take the factual and procedural history in this matter from our review of the certified record and the trial court's September 21, 2016 opinion.  On May 16, 2005, Appellant pleaded guilty to attempted murder, robbery, person not to possess a firearm, and criminal conspiracy.[1]  On the same date, the trial court sentenced Appellant to not less than fifteen nor

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2501, 901, 3701(a), 6105(a), and 903, respectively.

more than thirty years of incarceration. (**See** Trial Court Opinion, 9/21/16, at 1).

On April 24, 2014, Appellant filed a *pro se* PCRA petition. The court appointed counsel, who filed an amended PCRA petition on November 10, 2014. On November 19, 2015, the court gave notice of its intent to dismiss the petition because it was untimely filed and did not invoke an exception to the PCRA timeliness requirements. **See** Pa.R.Crim.P. 907(1). On January 4, 2016, the PCRA court dismissed Appellant's petition as untimely. This timely appeal followed.[2]

Appellant raises the following issue on appeal: "May an illegal sentence be challenged at any time under the PCRA?" (Appellant's Brief, at 7).

We begin by addressing the timeliness of Appellant's instant PCRA petition.

> Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition. Thus, we must first determine whether the instant PCRA petition was timely filed. The timeliness requirement for PCRA petitions is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. The question of whether a petition is timely raises a question of law. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

_____

[2] Pursuant to the court's order, Appellant filed a statement of errors complained of on appeal on February 17, 2016. **See** Pa.R.A.P. 1925(b). The court entered its opinion on September 21, 2016. **See** Pa.R.A.P. 1925(a).

A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). . . .

***Commonwealth v. Brown***, 141 A.3d 491, 499 (Pa. Super. 2016) (case citations and some quotation marks omitted).

Here, Appellant's judgment of sentence became final on June 15, 2005, thirty days after the trial court imposed sentence, and Appellant did not appeal to this Court. ***See*** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Appellant therefore had until June 15, 2006, to file a timely PCRA petition. ***See*** Pa.C.S.A. § 9545(b)(1). He filed the instant petition on April 24, 2014. Thus, it is patently untimely.

An untimely PCRA petition may be considered if one of the following three exceptions applies:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)–(iii); ***see Brown***, ***supra*** at 500. If an exception applies, a petitioner must file the PCRA petition "within [sixty]

- 3 -

days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). "[Our Supreme] Court has repeatedly stated it is the appellant's burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Hawkins*, 953 A.2d 1248, 1253 (Pa. 2008) (citation omitted).

Here, Appellant has failed to invoke the applicability of any of the timeliness exceptions to the PCRA time bar. (*See* Appellant's Brief, at 10-12). He attempts to argue that the petition is timely because a challenge to the legality of a "sentence can be raised at any time[.]" (*Id.* at 10). However, "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) (citation omitted). Accordingly, because Appellant failed to meet his burden to prove that one of the timeliness exceptions applies, we conclude that his petition is untimely and the trial court lacked jurisdiction to consider his claim. *See Hawkins*, *supra* at 1253; (Trial Ct. Op., at 4). Thus, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/28/2017