J-S70027-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                : PENNSYLVANIA
                                                :

          v.                          :
                                                  :

MICHAEL STERLING                 :
                                                  :

        Appellant               : No. 4069 EDA 2017

Appeal from the PCRA Order Entered November 17, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0000094-2008

BEFORE: GANTMAN, P.J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:         **FILED FEBRUARY 05, 2019**

Michael Sterling appeals from the order entered November 17, 2017, denying as untimely his petition for collateral relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

In December 2007, Sterling and others committed an armed robbery of Michael Samuels, stealing cash and a digital camera from him at gunpoint. In January 2008, following another altercation, the victim fled from his assailants by car because they started shooting at him. While driving, Samuels called 911 for emergency assistance. A police chase ensued, during which gunfire was exchanged between police and Sterling and his companions.

Sterling was arrested, and Samuels identified him as one of his assailants. Thereafter, in October 2008, Sterling entered a negotiated guilty

plea to aggravated assault, conspiracy, and a firearms offense.[1] The plea court sentenced Sterling to an aggregate term of 13½ to 29 years' incarceration. After sentencing, Sterling sought to withdraw his plea, but the court denied his motion. Sterling did not seek appellate review of his judgment of sentence.

In October 2015, Sterling *pro se* filed a PCRA petition, asserting *inter alia* after-discovered evidence and ineffective assistance of plea counsel. Sterling attached to his petition a letter written by the victim, Michael Samuels, in which he recanted prior statements to the police identifying Sterling as one of his assailants. According to Sterling, Samuels provided the letter to his family in August 2015.

PCRA counsel was appointed and thereafter filed an amended petition. In November 2017, the PCRA court held an evidentiary hearing. Sterling was prepared to call Samuels. However, at the advice of counsel, Samuels asserted his Fifth Amendment privilege against self-incrimination and declined to testify. Following *in camera* proceedings, the PCRA court determined that Samuels had grounds to invoke his Fifth Amendment privilege. **See** Notes of Testimony (N.T.), 11/16/2017, at 4. Without testimony from Samuels, the PCRA court found the recantation letter to be inadmissible hearsay. **Id.** at 5-8. Accordingly, the court dismissed Sterling's petition, as he could not establish the new facts exception to the timeliness requirements of the PCRA. **Id.**; PCRA Court Order, 11/17/2017.

---

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 903(a)(1), and 6106(a)(1), respectively.

Sterling timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. The PCRA court issued a responsive opinion.

Sterling raises the following issues on appeal:

1. Whether the PCRA [c]ourt erred in denying [Sterling's] PCRA petition as untimely where the record clearly showed it was timely pursuant to 42 Pa.C.S. § 9545(b)(1)(ii) and § 9545(b)(2) because it was filed within 60 days of the time that [Sterling] learned that Michael Samuels recanted his statement and this fact could not have been ascertained by the exercise of due diligence[; and]

2. Whether the PCRA [c]ourt erred in denying [Sterling's] PCRA petition where the record clearly showed that [Sterling's] guilty pleas … were unlawfully induced, were not voluntary, and were the result of manifest [i]njustice[.]

Sterling's Br. at 4.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *See Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). We afford the court's factual findings deference unless there is no support for them in the certified record. *Commonwealth v. Brown*, 48 A.3d 1275, 1277 (Pa.Super. 2012) (citing *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa.Super. 2010)).

We address the timeliness of Sterling's petition, as it implicates our jurisdiction and may not be altered or disregarded in order to address the merits of his claims. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for relief, including second and

- 3 -

subsequent petitions, must be filed within one year of the date on which the judgment of sentence becomes final. *Id.* There are three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2); *see Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000).

Sterling's petition is untimely.[2] Accordingly, Sterling must establish jurisdiction by pleading and proving an exception to the timeliness requirement. *See Bennett*, 930 A.2d at 1267.

Sterling asserts that he is entitled to rely on the newly discovered facts exception under section 9545(b)(1)(ii). Sterling's Br. at 10. According to

---

[2] Sterling's petition is patently untimely.  His judgment of sentence became final on November 19, 2008, thirty days after the plea court denied his motion to withdraw guilty plea. *See* 42 Pa.C.S. § 9545(b)(3) (a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking review); Pa.R.A.P. 1113(a). Sterling's PCRA petition, filed October 19, 2015, was filed nearly six years late.

Sterling, he filed his PCRA petition within 60 days of learning of Samuels' recantation in August 2015. ***Id.*** at 11-12, 14-15. Moreover, according to Sterling, he could not have learned of Samuels' recantation earlier with the exercise of due diligence. ***Id.*** Therefore, Sterling concludes, the PCRA court erred in concluding that it was without jurisdiction to hear his substantive claims. ***See id.*** at 12.

As noted by the PCRA court, Samuels' recantation letter is inadmissible hearsay. PCRA Court Op., filed July 31, 2018, at 6-7 (citing in support ***Commonwealth v. Brown***, 141 A.3d 491 (Pa.Super. 2016)); PCRA Court Order; N.T. at 5-8. Absent this or other relevant evidence, Sterling cannot prove the newly discovered facts exception under section 9545(b)(1)(ii). ***See Brown***, 141 A.3d at 501-02. Accordingly, the PCRA court did not err in concluding that it was without jurisdiction. ***Bennett***, 930 A.2d at 1267; ***Ragan***, 923 A.2d at 1170.[3]

Order affirmed.

---

[3] Sterling does not attempt to establish an exception to the rule against hearsay. ***See*** Pa.R.E. 802 ("Hearsay is not admissible"); ***see also, e.g.***, Pa.R.E. 804 (providing exceptions where declarant is unavailable). In light of Samuels' invocation of his Fifth Amendment privilege, arguably the exception defined at Rule 804(b)(3) (Statement Against Interest) is relevant. However, here, Sterling has not provided "corroborating circumstances that clearly indicate [the] trustworthiness" of Samuels' recantation letter. Pa.R.E. 804(b)(3)(B). Accordingly, the exception does not apply.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/5/19