J-S50006-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                              :            PENNSYLVANIA
                              :
          v.                  :
                              :
                              :
                              :
CARLTON HESDEN                :
                              :
          Appellant           :   No. 2747 EDA 2019

Appeal from the PCRA Order Entered August 20, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0908682-1996

BEFORE:   BENDER, P.J.E., SHOGAN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                    Filed: January 28, 2021

Appellant, Carlton Hesden, appeals *pro se* from the post-conviction court's August 20, 2019 order denying, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Appellant claims that he has discovered new evidence, which meets a timeliness exception and warrants a new trial.  After careful review, we affirm.

On September 9, 1997, Appellant was convicted, following a non-jury trial, of second-degree murder, burglary, conspiracy, and possessing an instrument of crime.  The evidence presented at trial established that Appellant and two other men barged into the home of Efrie Cardona after Cardona's friend, Jamal Northington, opened the door.  Appellant said, "stick up," after which one of his cohorts shot Northington three times, killing him.

_____

[*] Retired Senior Judge assigned to the Superior Court.

*See Commonwealth v. Hesden*, No. 1393 Phila. 1998, unpublished memorandum at 1-2 (Pa. Super. filed Aug. 10, 1999). On November 3, 1997, Appellant was sentenced to an aggregate term of life imprisonment. This Court affirmed on direct appeal, and our Supreme Court denied Appellant's petition for allowance of appeal on December 8, 1999. *See id.*; *see also Commonwealth v. Hesden*, 745 A.2d 40 (Pa. Super. 1999) (unpublished memorandum), *appeal denied*, 749 A.2d 467 (Pa. 1999).

Appellant thereafter filed a timely PCRA petition, which was denied. On appeal, this Court affirmed, and our Supreme Court denied allowance of appeal. *See Commonwealth v. Hesden*, 819 A.2d 114 (Pa. Super. 2003) (unpublished memorandum), *appeal denied*, 829 A.2d 1157 (Pa. 2003). He filed a second, untimely petition on August 29, 2014. Therein, Appellant claimed that Cardona's ex-girlfriend, Arnita Russell, had provided him with an affidavit, which he attached to his petition, claiming that Cardona had told her he fabricated his testimony against Appellant. According to Ms. Russell, Cardona told her that he falsified the story about the robbery in order to obtain immunity from the Commonwealth for drug and gun charges he was facing, and because he, himself, feared he would be charged with Northington's murder.

The PCRA court denied Appellant's petition as untimely. It reasoned that he had not stated "what due diligence, if any, he took to secure Ms. Russell's testimony at trial[,]" or "why he could not have discovered Ms. Russell on an earlier date, through the use of a private investigator or

otherwise." PCRA Court Opinion (PCO), 10/28/16, at 5. Alternatively, the court rejected Appellant's claim because it was "predicated on hearsay." ***Id.*** The court noted that "[t]he Pennsylvania Supreme Court has stated that '[a] claim which rests exclusively upon inadmissible hearsay is not of a type that would implicate the after-discovered evidence exception to the timeliness requirement, nor would such a claim, even if timely, entitle Appellant to relief under the PCRA." ***Id.*** at 6 (quoting ***Commonwealth v. Yarris***, 731 A.2d 581, 592 (Pa. 1999)). Appellant filed an appeal from the denial of his PCRA petition, but he later petitioned to discontinue that appeal, which this Court granted.

On July 21, 2017, Appellant filed another *pro se* PCRA petition, which underlies his present appeal. Therein, he again claimed that Cardona testified falsely against him. As evidence of this "new" fact, Appellant attached to his petition an affidavit signed by a private investigator, Diane Cowan. In her affidavit, Ms. Cowan claimed that on May 30, 2017, Cardona contacted her and stated that he had falsely testified against Appellant in order to receive immunity from the Commonwealth, and because the Commonwealth had promised Cardona that a foreclosure action against his mother's home would end and she would keep her residence. ***See*** PCRA Petition, 7/21/17, at Exhibit A. Ms. Cowan also said that, while Cardona had initially offered to provide an affidavit, he later changed his mind and said that he wished to contact an attorney before proceeding further. ***Id.*** Ms. Cowan then lost contact with

Cardona, and she had not been able to reach him at the time she signed her affidavit. *Id.*

On December 13, 2017, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing, reasoning that it was untimely and he failed to prove the applicability of any timeliness exception. Citing **Yarris**, the court stated that Ms. Cowan's affidavit was inadmissible hearsay and, therefore, it was insufficient to meet a timeliness exception. **See** Pa.R.Crim.P. 907, 12/13/17, at 1. The court also reasoned that because Appellant knew, and had asserted in his 2014 petition, that Cardona testified falsely against him in exchange for immunity, Ms. Cowan's affidavit setting forth this same information was merely a new source of a previously known fact. **Id.** Appellant responded to the court's Rule 907 notice, but the court ultimately dismissed his petition by order entered on August 20, 2019.

Appellant filed a timely, *pro se* notice of appeal. The court did not order him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, but it filed a Rule 1925(a) opinion on December 18, 2019. Herein, Appellant states one question for our review: "Did the … [PCRA] court abuse its discretion by denying [A]ppellant his newly[-]discovered evidence[,] without granting him a[n] evidentiary hearing[, i]n direct violation of [the] 5th and 14th amendments of the [U]nited [S]tates [C]onstitution[]?" Appellant's Brief at iii.

- 4 -

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> > (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> >
> > > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> > >
> > > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> > >
> > > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, at the time Appellant's petition was filed, section 9545(b)(2) required that any petition attempting to invoke one of these exceptions "be filed within sixty days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).[1]

Here, Appellant's judgment of sentence became final in 2000, after our Supreme Court denied his petition for allowance of appeal and the time expired for him to file a petition for certiorari with the United States Supreme Court. Thus, his present petition filed in 2017 is clearly untimely, and he must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Appellant argues that he meets the newly-discovered fact exception of section 9545(b)(1)(ii) based on Ms. Cowan's affidavit claiming that Cardona confessed to her that he falsely testified against Appellant in exchange for immunity and other favors from the Commonwealth. It is apparent from the record before us that Appellant knew that Cardona had admitted to falsifying his testimony years before he filed the present petition. As discussed, *supra*, Appellant received an affidavit from Ms. Russell in 2014 providing nearly identical information as Ms. Cowan offered in 2017 — that Cardona had

_____

[1] An amendment to section 9545(b)(2), which became effective on December 24, 2018, changed the language to require that a petition "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). That amendment applies to any claims arising on or after December 24, 2017. Thus, it does not apply to Appellant's claim that arose in May of 2017, and which was raised in his petition filed in July of 2017.

admitted to falsifying his testimony in exchange for immunity and other favors from the Commonwealth. Thus, the information in Ms. Cowan's affidavit regarding Cardona's admission is not a 'new fact,' but merely a new source of a previously known fact. Moreover, Appellant fails to explain why he could not have obtained Ms. Cowan's affidavit earlier than 2017, when he knew, in 2014, that Cardona had admitted to falsifying his testimony in exchange for immunity. Accordingly, Ms. Cowan's affidavit fails to meet the requirements of the newly-discovered fact exception. *See Commonwealth v. Edmiston*, 65 A.3d 339, 352 (Pa. 2013) ("[T]o constitute facts which were unknown to a petitioner and could not have been ascertained by the exercise of due diligence, the information … must not be facts that were previously known but are now presented through a newly discovered source."), *overruled on other grounds by*, *Commonwealth v. Small*, 238 A.3d 1267 (Pa. 2020) (holding that there is no requirement, within the newly-discovered facts exception, that the information must not be of public record).

Alternatively, we would conclude that Appellant has not met the newly-discovered fact exception because Ms. Cowan's affidavit constitutes inadmissible hearsay. This case is analogous to *Yarris*. There,

> the petitioner sought to invoke the newly-discovered fact exception to the PCRA's timeliness requirement. He relied upon an affidavit by an individual who said that she heard another individual, not the petitioner, confess to the murder for which the petitioner had been convicted. Our Supreme Court held
>
> > that the evidence which purportedly reveals that someone other than [the petitioner] committed the murder is hearsay, not within any exception, and so unreliable as to

- 7 -

be inadmissible. A claim which rests exclusively upon inadmissible hearsay is not of a type that would implicate the [newly-discovered fact] exception to the timeliness requirement, nor would such a claim, even if timely, entitle [the petitioner] to relief under the PCRA.

***Commonwealth v. Brown***, 141 A.3d 491, 501-02 (Pa. Super. 2016) (quoting ***Yarris***, 731 A.2d at 592).

In this case, the information contained in Ms. Cowan's affidavit consists of Cardona's out-of-court statements that would be offered for the truth of the matter asserted. Therefore, the affidavit contains inadmissible hearsay. ***See*** Pa.R.E. 801(c). Cardona's admission that he committed perjury could not be considered a statement against interest under the hearsay exception of Rule 804(b), as Appellant has offered no proof that Cardona would be unavailable as a witness. ***See Brown***, 141 A.3d at 501 (concluding that the petitioner failed to meet the newly-discovered evidence exception where he presented an affidavit containing a hearsay confession by a third-party, but failed to present any proof that the declarant was unavailable as a witness).[2]

For these reasons, we discern no error in the PCRA court's conclusion that Appellant's petition is untimely and he has failed to plead and prove the applicability of any timeliness exception.

Order affirmed.

---

[2] We observe that, if Cardona ever provides Appellant with an affidavit admitting that he falsified his testimony, it would not amount to hearsay. We express no view on whether an affidavit from Cardona could potentially meet the newly-discovered fact exception, in that it differs from the inadmissible hearsay presented in Ms. Russell's and Ms. Cowan's affidavits.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/28/21