J-S37022-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
SHAWN WILLIAMS :
:
Appellant : No. 1946 EDA 2020

Appeal from the PCRA Order Entered October 1, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at CP-51-CR-0006571-2008

BEFORE:   PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:                **FILED JANUARY 18, 2022**

Shawn Williams (Appellant) appeals from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we vacate and remand.

In 2007, the Commonwealth charged Appellant with murder and related crimes.  Appellant subsequently filed a pre-trial suppression motion alleging that his confession had been coerced by Philadelphia Police Detective James Pitts.  On February 23, 2010, the trial court held a suppression hearing at which Appellant and Detective Pitts testified, and after which the court denied suppression.  The case proceeded to trial.  On March 5, 2010, a jury convicted Appellant of second-degree murder, robbery, and criminal conspiracy. Appellant was sentenced to life in prison.  This Court affirmed Appellant's

_____

[*] Former Justice specially assigned to the Superior Court.

sentence and the Pennsylvania Supreme Court denied allowance of appeal. *Commonwealth v. Williams*, 47 A.3d 1255 (Pa. Super. Mar. 26, 2012) (unpublished memorandum), *appeal denied*, 49 A.3d 443 (Pa. Aug. 8, 2012). Appellant filed the underlying PCRA petition *pro se* on August 24, 2015. It is undisputed that the petition is untimely.[1]

For reasons not of record, little or no action was taken on Appellant's petition until counsel was appointed in 2018, more than two-and-a-half years later. Appellant describes the delay in the appointment of counsel, and counsel's diligence thereafter:

> While his petition appeared to be untimely based on the issue raised by Appellant in the *pro se* filing, present counsel ordered all transcripts and reviewed same. She also reviewed all discovery and conducted a telephone conference with Appellant regarding the only issue which she believed had arguable merit - the admission of the alleged coerced confession[.]

Appellant's Brief at 5.

Counsel filed an amended PCRA petition on March 18, 2019. With respect to the time-bar and his invocation of the newly-discovered fact exception in 42 Pa.C.S.A. § 9545(b)(1)(ii), Appellant cites the Philadelphia County Court of Common Pleas decision in *Commonwealth v. Thorpe*, CP-

---

[1] Appellant's judgment of sentence became final on or about November 7, 2012, when the 90 days for filing a petition for writ of *certiorari* in the United States Supreme Court expired. *See* S.Ct. Rule 13. Judgment becomes final at the conclusion of direct review or the expiration of time for seeking review, 42 Pa.C.S.A. § 9545(b)(3), and a PCRA petition must be filed within one year of the judgment of sentence becoming final. 42 Pa.C.S.A. § 9545(b)(1).

51-CR-0011433-2008, which was decided in November 2017. In **Thorpe**, the Honorable M. Teresa Sarmina, after conducting a four-day evidentiary hearing, vacated Mr. Thorpe's murder conviction based on her finding that Detective Pitts had a history of coercing witnesses. Appellant claims the **Thorpe** decision regarding Detective Pitts' "pattern and practice of misconduct" constitutes a newly-discovered fact which confers jurisdiction on the PCRA court. Appellant's Brief at 9. Appellant further claims he discovered the new evidence while his *pro se* PCRA petition was pending, prior to the appointment of counsel. Amended PCRA Petition, 3/18/19, at 5. Appellant states that "when he first found out" about the "controversy" surrounding Detective Pitts, he completed "paperwork and sent it to the District Attorney's Office on his own." *Id.* at 5-6. Referencing the denial of his suppression motion, Appellant asserts his conviction was "based on his alleged confession," which was the only evidence placing him "inside the store at the time of the shooting." Amended PCRA Petition, 3/18/19, at 2. Appellant maintains that had the new evidence about Detective Pitts been known at the time of Appellant's trial, his confession would have been suppressed.

On November 26, 2019, the Commonwealth responded that it did "not oppose an evidentiary hearing to determine if [Appellant's] alleged after-discovered facts warrant relief in this matter." Answer, 11/26/19, at 10. Nonetheless, on January 24, 2020, the PCRA court issued notice of intent to

dismiss without a hearing pursuant to Pa.R.Crim.P. 907, and dismissed the petition on October 1, 2020. Appellant timely appealed.

Appellant seeks remand for an evidentiary hearing; likewise, the Commonwealth "does not oppose remand for an evidentiary hearing to determine when defendant learned of the new fact and to what extent he exercised due diligence in discovering that fact." Commonwealth Brief at 11. Upon review, we agree with remand. The record is silent as to the reason years passed before Appellant was appointed counsel. It is well-settled that an indigent PCRA petitioner is entitled to appointment of counsel during litigation of a first PCRA petition. *See* Pa.R.Crim.P. 904 (PCRA court must appoint counsel to represent indigent defendant during litigation of first PCRA petition). Because of the delay, Appellant may have been denied the opportunity to timely amend his petition within 60 days of discovering the new fact. Also, as the Commonwealth recognizes, a hearing is appropriate to clarify when Appellant learned of the new fact and his diligence in discovering it. *See Commonwealth v. Brown*, 141 A.3d 491, 507-08 (Pa. Super. 2016) (where the record was unclear as to whether the petitioner acted with due diligence in uncovering evidence underlying his newly discovered fact claim, the PCRA court erred in dismissing the petition without an evidentiary hearing on timeliness).

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/18/2022