J-S33043-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ISAAC BILAL PEARSON | : | |
| | : | |
| Appellant | : | No. 862 EDA 2021 |

Appeal from the PCRA Order Entered March 31, 2021
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0004988-2015

BEFORE: BOWES, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED DECEMBER 30, 2021**

Isaac Bilal Pearson appeals *pro se* from the order dismissing his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Pearson maintains that the PCRA court erred in dismissing his petition as untimely. We affirm.

The facts of this case are well known to the parties and have been set forth in a prior decision of this Court. ***See Commonwealth v. Pearson***, 2116 EDA 2018, unpublished memorandum (Pa.Super. filed Mar. 28, 2019). Briefly, a jury convicted Pearson in 2016 of two counts of Trafficking in Individuals, and one count each of Promoting Prostitution and Criminal Use of a Communication Facility.[1] The court imposed an aggregate sentence of 17 to 34 years of imprisonment.

---

[1] ***See*** 18 Pa.C.S.A. §§ 3011(a), 5902(b)(3), and 7512(a), respectively.

On April 18, 2017, this Court affirmed Pearson's judgment of sentence. Our Supreme Court denied his petition for allowance of appeal on August 22, 2017. In January 2018, Pearson filed a timely first PCRA petition. The court appointed counsel, who filed a no-merit letter. After a hearing, the court granted counsel's petition to withdraw and permitted Pearson to proceed *pro se* at the evidentiary hearing. Following the hearing, the PCRA court denied Pearson relief. Pearson filed a timely *pro se* appeal. In March 2019, this Court affirmed the PCRA court's denial of relief. **See id.**

On November 17, 2020, Pearson filed the instant, *pro se*, petition for post-conviction relief. The PCRA court issued notice of its intent to dismiss the petition as untimely. **See** Pa.R.Crim.P. 907(1). Pearson responded to the notice of intent to dismiss, and on March 31, 2021, the court dismissed Pearson's petition. This timely appeal followed.

Pearson raises three issues on appeal.

1. Was Isaac Pearson's PCRA petition dismissed prematurely after a showing of newly discovered psychiatric records? Did Isaac Pear[s]on's untreated mental illness cause a structural defect in trial commensurate with miscarriage of justice?

2. Was the court's sentence illegal by improperly imposing a consecutive sentence where a merger should have ensued? The court incorrectly considered the maximum penalty for violent prior where none exist.

3. Did trial judge Maria L. Dantos 'erroneously' terminate Isaac Pearson's self-representation during his cross-examination of Commonwealth witness Kelli Favazza?

Pearson's Br. at 5.

Prior to reaching the merits of Pearson's claims on appeal, we must first consider the timeliness of his PCRA petition. *See Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super. 2014).

> Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition. Thus, we must first determine whether the instant PCRA petition was timely filed. The timeliness requirement for PCRA petitions is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. The question of whether a petition is timely raises a question of law. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary. A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). . . .

*Commonwealth v. Brown*, 141 A.3d 491, 499 (Pa.Super. 2016) (case citations and some quotation marks omitted).

Pearson's judgment of sentence became final on November 20, 2017, 90 days after our Supreme Court denied allowance of appeal and Pearson did not petition the United States Supreme Court for a writ of *certiorari*. *See* 42 Pa.C.S.A. § 9545(b)(3) (judgment of sentence becomes final "at the conclusion of direct review . . . or at the expiration of time for seeking the review"); U.S. Sup. Ct. R. 13. Accordingly, Pearson had until November 20, 2018, to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). He filed the instant petition on November 17, 2020. Therefore, it was patently untimely and the PCRA court lacked jurisdiction to review it unless Pearson

successfully pleaded and proved one of the statutory exceptions to the PCRA time-bar.

> The PCRA provides three exceptions to its time-bar:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). "[Our Supreme] Court has repeatedly stated it is the appellant's burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Hawkins*, 953 A.2d 1248, 1253 (Pa. 2008).

In his petition, Pearson attempts to invoke both the government interference and the new fact exceptions to the PCRA time-bar.

The government interference exception requires a petitioner to establish that the government interfered with a petitioner's ability to present a claim. *See* 42 Pa.C.S.A. § 9545(b)(1)(i). The new fact exception requires a petitioner to establish that 1) "the facts upon which the claim [was] predicated were unknown" and 2) "could not have been ascertained by the exercise of due diligence." *Id.* at § 9545(b)(1)(ii). Further, a "petitioner must explain why he

could not have obtained the new fact(s) earlier with the exercise of due diligence." ***Commonwealth v. Monaco***, 996 A.2d 1076, 1080 (Pa.Super. 2010). "[T]he general rule remains that mental illness or psychological condition, absent more, will not serve as an exception to the PCRA's jurisdictional time requirements." ***Id.*** at 1081 (citation omitted).

Here, Pearson claims to be eligible for the new fact exception on account of his mother newly discovering medical documentation showing that he was diagnosed with ADHD. ***See*** Pearson's Br. at 7. He asserts that he is eligible for the governmental interference exception because of the difficulty he experienced in obtaining mental health records. ***See id.*** at 9.

We conclude that Pearson has not proven applicability of either the government interference or the new fact exception. Pearson's difficulty in obtaining records of his mental health diagnosis does not constitute governmental interference with his ability to present his claim. Additionally, the newly discovered "fact" on which Pearson relies is a document describing his childhood diagnosis of ADHD. That document is at best new evidence of a fact, and is not itself a new fact. Moreover, Pearson has not established that that he was unable to discover the fact of his diagnosis prior to trial despite having exercised due diligence.

Accordingly, Pearson's second PCRA petition was facially untimely and qualified for no exception to the PCRA time-bar. Therefore, the PCRA court properly dismissed it.[2]

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: *12/30/2021*

---

[2] As the PCRA court correctly noted, Pearson's second claim arguing that his conviction should have merged for sentencing was already raised on direct appeal. **See Commonwealth v. Pearson**, 1158 EDA 2016, unpublished memorandum (Pa.Super. filed April 18, 2017). Therefore, it was not a basis for relief under the PCRA. **See** 42 Pa.C.S.A. § 9543(a)(3).