J-S32023-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LAMONT GARMON | : | |
| | : | |
| Appellant | : | No. 496 EDA 2024 |

Appeal from the PCRA Order Entered January 12, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-1010061-2002

BEFORE: LAZARUS, P.J., STABILE, J., and KING, J.

MEMORANDUM BY STABILE, J.: **FILED FEBRUARY 27, 2025**

Appellant, Lamont Garmon, appeals from the order of the Court of Common Pleas of Philadelphia County dismissing his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. Upon review, we affirm.

The factual and procedural background is not at issue here. Briefly, on December 12, 2003, following a bench trial, Appellant was found guilty of third-degree murder, attempted murder, aggravated assault, simple assault, recklessly endangering another person, possessing an instrument of crime, and two weapons' offenses. Appellant was sentenced immediately thereafter to an aggregate term of 26 to 52 years' imprisonment.

On March 31, 2005, we affirmed Appellant's judgment of sentence, and on December 29, 2005, our Supreme Court denied appeal. **See Commonwealth v. Garmon**, No. 32 EDA 2004, unpublished memorandum

(Pa. Super. filed March 31, 2005), *appeal denied*, 586 Pa. 749, 892 A.2d 822 (2005).

On February 28, 2006, Appellant filed his first PCRA petition. After appointing counsel, the PCRA court denied the petition on January 12, 2007. On April 8, 2008, we affirmed the decision. *See Commonwealth v. Garmon*, No. 802 EDA 200, unpublished memorandum (Pa. Super. April 2, 2008).

On May 30, 2008, Appellant filed a second PCRA petition. Upon review, the PCRA court granted an appeal *nunc pro tunc* from Appellant's first PCRA petition based on PCRA counsel's abandonment during the litigation of the first PCRA petition. Following the order of the PCRA court, Appellant timely filed an appeal with this Court. On appeal, Appellant argued, inter alia, that trial counsel was ineffective for failing to call a witness. Upon review, on August 4, 2011, we concluded that the claim had no merit, and our Supreme Court denied Appellant's petition for review on January 23, 2012. *See Commonwealth v. Garmon*, 2195 EDA 2009, unpublished memorandum (Pa. Super. filed August 4, 2011), *appeal denied*, 614 Pa. 710, 38 A.3d 823 (2012).

On June 28, 2021, Appellant filed his third PCRA petition, claiming he was entitled to sentencing relief under *Miller*.[1] The PCRA court dismissed the third PCRA petition on the ground that *Miller* was inapplicable to him because Appellant had not been sentenced to life. Appellant did not appeal.

_____

[1] *Miller v. Alabama*, 567 U.S. 460 (2012).

- 2 -

On June 5, 2023, Appellant filed the underlying PCRA petition, his fourth. In his petition, Appellant argues that a September 22, 2021, article discussing the brain development of those aged 18 to 21 years old qualified as a "new fact" for purposes of the newly-discovered facts exception. On January 12, 2023, the PCRA court dismissed Appellant's fourth petition as untimely.

This appeal followed.

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted) (overruled on other grounds by *Commonwealth v. Small*, 238 A.3d 1267 (Pa. 2020)). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. *Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008).

It is undisputed that the underlying petition is facially untimely.[2] The only matter to be considered is whether Appellant met the requirements of the newly discovered fact exception. He has not.

This Court has explained:

The [newly-discovered facts] exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence.... Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.

. . . [A]s an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. *See* 42 Pa.C.S.A. § 9545(b)(1)(ii). Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered-evidence claim. *See* 42 Pa.C.S.A. § 9543(a)(2)(vi) (explaining that to be eligible for relief under [the] PCRA, petitioner must plead and prove by a preponderance of evidence that [the] conviction or sentence resulted from, *inter alia*, unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed outcome of trial if it had been introduced).

. . . Thus, the "new facts" exception at Section 9545(b)(1)(ii) does not require any merits analysis of an underlying after-discovered-evidence claim.

*Commonwealth v. Brown*, *G. L.*, 111 A.3d 171, 176 (Pa. Super. 2015) (some citations omitted).

_____

[2] Appellant's sentence became final on March 29, 2006, when the ninety-day period to petition for certiorari expired. *See* U.S. S. Ct. R. 13.1 (allowing 90 days to petition for certiorari). Appellant, therefore had until March 29, 2007 to file the underlying petition, but he did not do so until June 5, 2023, approximately sixteen years too late.

In ***Commonwealth v. Brown***, ***J.***, 141 A.3d 491, 502 (Pa. Super. 2016), we explained that newspaper articles are insufficient to establish a newly-discovered fact exception:

> Our Supreme Court addressed a situation like the one in the case *sub judice* in ***Commonwealth v. Castro***, 625 Pa. 582, 93 A.3d 818 (2014). In ***Castro***, the petitioner relied upon a newspaper article to establish the newly-discovered fact exception to the PCRA's timeliness requirement. Our Supreme Court held that a newspaper "article contain[ed] allegations that suggest such evidence may exist, but allegations in the media, whether true or false, are no more evidence than allegations in any other out-of-court situation." ***Id.*** at 825.
>
> In . . . ***Castro*** . . . [our Supreme Court held that] the newspaper article [merely] referenced [what] could be evidence. ***See id.*** at 827. Thus, there [wa]s no fact within the [article], only information which could lead Appellant to discover facts.

***Brown***, ***J.***, ***supra***, at 502 (emphasis added); citing ***Castro***, *supra* (reversing grant of a hearing based on after-discovered evidence because a newspaper article, submitted as the sole support for a new trial, "do[es] not constitute evidence").

Thus, given that the article at issue here does not qualify as a newly-discovered fact, ***Brown***, ***J.***, ***supra***; ***Castro***, ***supra***, Appellant's underlying petition is untimely.

In passing, we note that the research on which Appellant relies to support his claim was not revealed for the first time in the article at issue here. It goes back a few decades, and it was discussed and cited in ***Roper v.***

*Simmons*, 543 U.S. 551 (2005), and *Graham v. Florida*, 560 U.S. 48 (2010), as acknowledged in *Miller*.[3]

We also note that attempts in extending *Miller* beyond its holding have been so far unsuccessful. *See*, *e.g.*, *Commonwealth v. Lee*, 206 A.3d 1 (Pa. Super. 2019) (*en banc*); *Commonwealth v. Furgess*, 149 A.3d 90, 91-94 (Pa. Super. 2016) (holding that petitioners who were older than eighteen at the time they committed murder are not within ambit of *Miller* decision and therefore may not rely on that decision to bring themselves within time-bar exception).

Furthermore, the research discussed in the article is not relevant to Appellant's case as he was sentenced (at the age of seventeen) to 26 to 52 years' imprisonment, which is not a mandatory sentence or a death sentence. As such, the article is not relevant to Appellant's case.

Finally, Appellant raised this very same issue (*i.e.*, seeking extension of *Miller* beyond the stated limits of its holding) in his third PCRA petition. The PCRA court dismissed the petition without hearing because, *inter alia*,

---

[3] In *Miller*, the U.S. Supreme Court determined that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual' punishments." *Miller*, 576 U.S. at 465. In *Montgomery v. Louisiana*, 577 U.S. 190 (2016), the U.S. Supreme Court held that *Miller* was a new substantive rule that, under the United States Constitution, must be applied retroactively in cases on state collateral review. *Montgomery*, 577 U.S. at 212.

Appellant had not been sentenced to a mandatory life sentence. Appellant did not appeal the dismissal of his third PCRA petition.

Because the underlying PCRA petition is facially untimely and Appellant has failed to prove the applicability of the newly-discovered facts exception, we cannot entertain the underlying petition because we have no jurisdiction to do so.[4]

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/27/2025

_____

[4] On the merits, Appellant argues that the information discussed in the article qualifies as after-discovered evidence, *see* 42 Pa.C.S.A. § 9543(a)(2)(vi); *Commonwealth v. Cox*, 146 A.3d 221, 228 (Pa. 2016). Specifically, Appellant argues that had the information been known at the time of sentencing, said information could have been used as mitigation evidence. We disagree.

As noted by the Commonwealth, while the Supreme Court relied on developments in psychology and brain science to afford minors greater constitutional protections, *see Miller*, *supra*; *Graham*, *supra*; *Roper*, *supra*, none of the above cases prohibits the sentence imposed here. Accordingly, even if we were to assume that the research relied upon Appellant constitute evidence, such evidence would not likely compel a different verdict. *See Commonwealth v. Stroll*, 2023 WL 6121810 *4 (Pa. Super. filed September 19, 2023).