J-S14019-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHAD REGINALD WATSON | : | |
| | : | |
| Appellant | : | No. 3047 EDA 2024 |

Appeal from the PCRA Order Entered October 21, 2024
In the Court of Common Pleas of Montgomery County Criminal Division at
No(s):  CP-46-CR-0007326-2019

BEFORE:   DUBOW, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BECK, J.:                              **FILED JUNE 27, 2025**

Chad Reginald Watson ("Watson") appeals pro se from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  Because Watson filed an untimely PCRA petition and failed to establish an exception to the PCRA time-bar, we affirm.

On December 21, 2020, Watson pled guilty to corrupt organizations, possession with intent to distribute methamphetamine and or marijuana, criminal use of a communication facility, persons not to possess a firearm, tampering with evidence, and conspiracy.  On March 21, 2021, the trial court sentenced Watson to ten to twenty years in prison.  Watson filed a post-sentence motion, which the trial court denied on March 23, 2021.  Watson did not file a direct appeal.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

Thereafter, Watson filed two PCRA petitions. Watson withdrew the first petition, and the PCRA court dismissed Watson's second petition. In June 2023, Watson filed a third PCRA petition pro se in the Luzerne County Court of Common Pleas instead of Montgomery County. Watson requested that the court send the petition to Montgomery County. Instead, the court clerk in Luzerne County returned the petition to Watson. In June 2024, Watson refiled the same petition in Montgomery County. The PCRA court subsequently issued notice of its intent to dismiss Watson's petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. Watson filed a response to the notice. The PCRA court later dismissed the petition as untimely. Watson appealed and now presents numerous issues for our review.

Before addressing the claims Watson raises on appeal, the threshold question we must address is whether he timely filed the instant PCRA petition or, alternatively, whether he satisfied an exception to the statutory time bar. *See Commonwealth v. Brown*, 141 A.3d 491, 499 (Pa. Super. 2016) (citation omitted). "The timeliness requirement for PCRA petitions is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition." *Id.* (quotation marks and citation omitted); *see also Commonwealth v. Fantauzzi*, 275 A.3d 986, 994 (Pa. Super. 2022) ("if the petition is untimely, courts lack jurisdiction over the petition and cannot grant relief"). "As the timeliness of a PCRA petition is a question of law, our standard of review is de novo, and our scope of review is

plenary." ***Commonwealth v. Callahan***, 101 A.3d 118, 121 (Pa. Super. 2014) (citation omitted).

A petition for relief under the PCRA must be filed within one year of the date the judgment of sentence becomes final unless the petitioner pleads and proves that an exception to the time limitation is met. 42 Pa.C.S. § 9545(b)(1). The exceptions to the one-year time-bar include:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

***Id.*** A PCRA petition invoking one of the statutory exceptions must be filed "within one year of the date the claim could have been presented." ***Id.*** § 9545(b)(2).

Watson's judgment of sentence became final on April 22, 2021, when the time for filing a direct appeal expired. ***See Commonwealth v. Claffey***, 80 A.3d 780, 783 (Pa. Super. 2013) ("[W]hen post-sentence motions are filed, the judgment of sentence does not become final until those motions are

decided."). As such, the instant PCRA petition is facially untimely, as Watson filed it well beyond one year of the date his judgment became final.[2]

In both his PCRA petition and his brief before this Court, Watson contends that the governmental interference and newly discovered facts exceptions are applicable. Regarding the governmental interference exception, Watson claims that the PCRA court "acted in bad faith and with malice to deny [entitled] relief at any and all cost… opt[ing] to delete, remove, and/or alter[] vital sections of our certified records." Watson's Brief at 15. Specifically, he claims that the court changed the language of his plea deal so that the sentence was a minimum of twelve years and not a maximum of twelve years. *Id.* at 19. He also claims that he recently discovered that the trial court had unlawfully discriminated against him when it sentenced his codefendant to a more lenient sentence than the one he received. *Id.* at 14, 19-20.[3]

Watson fails to substantiate his governmental interference claim or point to any place in the record establishing the alteration of the guilty plea he had entered. He cites only to a signed affidavit asserting that a resident of the Commonwealth had attempted to retrieve official documents in his case but was denied. Watson's Brief at 21. Pointedly, the affidavit does not set forth

---

[2] Even accepting Watson filed the petition in June 2023, when he sent it to Luzerne County, the petition is patently untimely.

[3] Notably, the trial court sentenced Watson's codefendant, Melvin Hunt, to five to ten years in prison.

any facts supporting his claim, nor does he indicate that he learned of the alleged interference within a year of bringing his claim. Therefore, he does not properly invoke the governmental interference timeliness exception.

Likewise, Watson failed to properly invoke the newly-discovered fact exception. Notably, Watson raised the issue of his codefendant's lesser sentence in an application seeking permission to file a nunc pro tunc appeal on November 15, 2021, and in his first PCRA petition filed on April 25, 2022. *See* PCRA Petition, 4/25/2022, at 1-3 (unnumbered); Application, 11/15/2021. As there is evidence that Watson knew of the comparative sentences more than a year before filing the instant petition, and that the claim was previously raised, it is not newly discovered and does not fall under the statutory exception. *See Commonwealth v. Maxwell*, 232 A.3d 739, 745 (Pa. Super. 2020) (noting that newly-discovered fact exception does not include claims that have been previously raised).

As Watson has failed to sufficiently plead and prove any exception to the PCRA's time bar, the PCRA court did not have jurisdiction to decide the merits of Watson's PCRA petition and we likewise lack jurisdiction to consider the claims he raises on appeal.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>6/27/2025</u>